**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0035n.06
Filed: January 9, 2007

**No. 05-6828**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JACK LESTER ROBERTS, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| MARK ANDERSON, DENNIS TAYLOR, HARRY | ) | |
| COOPER, McKENZIE POLICE DEPARTMENT, | ) | |
| CITY OF McKENZIE, DAVID MORGAN, and | ) | |
| KATHY YOUNG, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

_____

BEFORE: SUTTON and GRIFFIN, Circuit Judges; and COHN, District Judge.[*]

GRIFFIN, Circuit Judge.

In this action brought pursuant to 42 U.S.C. § 1983, arising from the alleged use of excessive force and delay in medical treatment by police officers during the course of plaintiff's arrest and detention, plaintiff-appellant Jack Lester Roberts appeals the orders of the district court granting summary judgment in favor of defendants-appellees Mark Anderson, Dennis Taylor, Harry Cooper, the McKenzie Police Department, and the city of McKenzie. Plaintiff also appeals the district

_____

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

court's order denying his motion for a new trial as it pertains to defendants-appellees David Morgan and Kathy Young. For the reasons set forth below, we affirm.

I.

On July 28, 2004, plaintiff filed this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Tennessee against defendants Mark Anderson and Dennis Taylor (police officers with the city of McKenzie), the McKenzie Police Department, the city of McKenzie, Harry Cooper (Chief of Police of the city of McKenzie), and Kathy Young and David Morgan (certified jailers with the Carroll County Sheriff's Department), alleging that defendants violated his federal constitutional rights by arresting him without probable cause, subjecting him to excessive force, and denying him immediate medical treatment.

These allegations arose out of an incident that occurred on August 3, 2003, when defendants Anderson and Taylor responded to a call that plaintiff was attempting to commit suicide in the parking lot of Charter Communications in McKenzie. As told from the perspective of the affidavits of Officers Taylor and Anderson, the officers arrived separately on the scene at approximately 8:05 p.m. Plaintiff was sitting in a van slumped over the steering wheel. Defendant Taylor parked his patrol car, got out, and approached the van. As defendant Anderson arrived, plaintiff began to get out of the van. Defendant Taylor asked Anderson to secure the .22 caliber rifle located in the van. While Officer Anderson was securing the rifle, Taylor began escorting plaintiff to his patrol car. An ambulance was called to the scene because this was an attempted suicide call. When plaintiff heard the siren of the approaching ambulance, he resisted and attempted to return to his van. He informed

the officers that he was going back to his van to die. The officers advised plaintiff that he could not return to his van because he was under arrest for attempting to commit suicide. As plaintiff continued to walk away from the officers, they placed their hands on him in an effort to stop him. Plaintiff then kicked Officer Anderson in the knee. Anderson reached for his mace, but plaintiff kicked it out of his hand. When Officer Anderson attempted to pick up the mace, plaintiff hit him in the head with his knee. Officer Taylor then struck plaintiff in the face with his fist in an effort to bring him under control. Plaintiff resisted the officers' attempts to handcuff him, causing Officer Anderson, out of concern for the parties' safety, to strike plaintiff in the face in an effort to gain control of the situation. Plaintiff was finally subdued by the officers, handcuffed, placed on a stretcher, and transported to the hospital in an ambulance, where he remained until he was transported to the county jail. Neither Officer Taylor nor Officer Anderson was involved in the hospital-to-jail transport. The original record indicated that plaintiff was subsequently charged with, and pleaded guilty to, aggravated assault.

In his complaint, plaintiff set forth a different version of events, alleging that when Taylor and Anderson responded to the suicide call, they "approached Plaintiff, addressed him, and immediately thereafter, without cause, provocation, or warning, pulled Plaintiff from his vehicle and threw Plaintiff on the hood of his car, and began to strike Plaintiff." Defendants Taylor and Anderson thereafter allegedly "struck Plaintiff repeatedly, landing blows on the arms, neck, chest and head of Plaintiff." "Plaintiff was handcuffed behind his back, was supine, face down on the

ground, and was kicked one or more times by one or both of the officers." Plaintiff alleged that he never resisted arrest or threatened the officers, except in self defense after the beatings began.

Plaintiff further alleged that upon his transport to the Carroll County Jail, where he was booked and detained, defendants Morgan and Young were the jailers in charge of securing the custody and control of all detainees. Plaintiff alleged that defendant Morgan "requested access to the holding cell area, stating that he needed to see Plaintiff and 'finish what Plaintiff started on the street.'" Defendant Morgan then allegedly proceeded to kick and beat plaintiff for approximately twenty minutes and sprayed plaintiff with a chemical spray. Defendant Young allegedly ignored plaintiff's cries for help and responded by closing the door that separated the entrance of the holding area from the rest of the jail.

Plaintiff alleged that, as a result of defendants' actions, he suffered severe and permanent injuries and damages, including damage to his left eye, loss of peripheral vision, headaches, trouble sleeping, blunt trauma injuries, and pain, anguish, and fear. Specifically, plaintiff alleged that defendants Anderson and Taylor arrested him without probable cause, subjected him to excessive force, and denied him immediate medical treatment; that defendant Cooper bore supervisory liability as a result of the acts complained of against defendants Anderson and Taylor; that defendants McKenzie Police Department and city of McKenzie ("defendants McKenzie") had a custom or policy of condoning the alleged acts of Anderson and Taylor and failed adequately to supervise,

control, and discipline Taylor and Anderson; and, that defendants Morgan and Young violated his rights by using excessive force in beating and macing him while at the jail.[1]

Defendants filed their respective answers to the complaint, denying all of the allegations. On December 29, 2004, defendants Anderson and Taylor filed a motion for summary judgment and supporting memorandum of law. Plaintiff failed to respond to this motion, and, on March 10, 2005, the district court, after due consideration of the merits of the motion, entered an opinion and order granting summary judgment in favor of Anderson and Taylor. Plaintiff's subsequently filed motions for reconsideration and to strike certain exhibits were denied by the court.

On April 26, 2005, plaintiff filed a premature notice of appeal in *Jack Lester Roberts v. Mark Anderson and Dennis Taylor*, Case No. 05-5632. In an order dated June 15, 2005, we dismissed the appeal for lack of jurisdiction, noting that "other defendants and claims remain in this action and . . . plaintiff did not seek permission to file an interlocutory appeal under Rule 54(b)."

On May 9, 2005, defendant Cooper and defendants McKenzie filed a motion for summary judgment, which was granted by the district court in an order dated June 24, 2005. However, the district court denied summary judgment in favor of defendants Morgan and Young. Thus, Young and Morgan were the sole remaining defendants in the case, which proceeded to a jury trial on October 5, 2005. At the close of plaintiff's proofs, the district court granted defendant Young's motion for judgment as a matter of law. The jury returned a verdict in favor of defendant Morgan.

---

[1]In his complaint, plaintiff also brought suit against the County of Carroll, Carroll County Sheriff's Department, Carroll County Sheriff Bendell Bartholomew, and "unnamed deputies." These defendants were dismissed by summary judgment and are not involved in the present appeal.

On October 13, 2005, the district court entered a final judgment disposing of the case and subsequently denied plaintiff's motion for a new trial.

Plaintiff now timely appeals, challenging the court's order denying his motion for a new trial and the orders granting summary judgment in favor of defendants Anderson and Taylor, defendant Cooper, and defendants McKenzie.

## II.

Plaintiff first contends that the district court erred in denying his motion for a new trial because certain photographic evidence was erroneously excluded.[2] During the jury trial, plaintiff testified about the alleged beatings by defendants and the injuries he sustained. He introduced his booking photograph to reflect his physical condition at the time he entered the jail. Plaintiff then offered as additional proof photographs taken three days later, showing additional injury and bruising. The district court, however, ruled that plaintiff had not complied with FED. R. CIV. P. 26 (a)(1), which requires the parties to exchange evidence or advise parties of the location of such evidence, and thus excluded the proffered photographs.

This court reviews a district court's decision to impose sanctions for noncompliance with Rule 26 under an abuse-of-discretion standard. *Jordan v. City of Cleveland*, 464 F.3d 584, 600 (6th Cir. 2006). A district court's denial of a motion for a new trial is similarly reviewed for an abuse

---

[2]This issue pertains only to defendants Young and Morgan, who were the only defendants to proceed to the trial stage. We note that plaintiff does not appeal the district court's dismissal of defendant Young, as a matter of law, at the close of plaintiff's proofs.

of discretion. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004). Further, "a motion for a new trial will not be granted unless the moving party suffered prejudice" and, "[e]ven if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." *Id*. (internal quotation omitted). The burden of demonstrating the requisite prejudice falls upon the party seeking a new trial. *Id*. In other words, a plaintiff "must show that he was prejudiced and that failure to grant a new trial is inconsistent with substantial justice." *Id.* (quoting *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987)).

FED. R. CIV. P. 26(a)(1) provides in pertinent part:

Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

\* \* \*

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment[.]

"Under Rule 37(c)(1), '[a] party that without substantial justification fails to disclose information required by Rule 26(a)' is not permitted to use the information that should have been disclosed 'at trial, at a hearing, or on a motion,' unless the failure to provide such information is harmless." *Jordan,* 464 F.3d at 600. *See also Sexton v. Uniroyal Chem. Co., Inc.*, 62 F. App'x 615, 616 (6th Cir. Apr. 8, 2003) ("This circuit has established that Rule 37(c)(1) mandates that a trial

court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified.").

Here, in the pre-trial order submitted by the parties, plaintiff listed, without specificity, "Photographs of Plaintiff" as one of his exhibits. At his deposition, plaintiff made a similar generic reference to "photographs": "My face – if you see my photographs, when I went to court, I had to go like this [referencing bruises]" and acknowledged that he had a severe bruise on his right eye that was apparent in his booking photograph. Although defendants were made aware, before trial, of plaintiff's booking photograph taken when he entered the jail, at trial plaintiff sought to introduce photographs taken three days later, purportedly showing additional bruising. At a sidebar conference, it became evident that these proffered photos had never been disclosed to defendants prior to trial. The district court therefore disallowed admission of the photos for failure to comply with Rule 26(a)(1). Subsequently, in its order denying plaintiff's motion for a new trial on grounds that the photos were erroneously excluded, the district court again held:

> Throughout the course of the litigation, Morgan and Young's primary defense was that the alleged beating never occurred and that whatever demonstrable physical injuries Plaintiff had sustained were sustained prior to Plaintiff's incarceration at the Carroll County jail. For example, in their motion for summary judgment, Morgan and Young vigorously argued that Plaintiff's only evidence of physical injuries was a booking photograph that was taken by the city police before Plaintiff arrived at the county jail. Defendants correctly pointed out that the booking photograph could not have depicted injuries that Plaintiff had received during his subsequent incarceration in the county facility. Notwithstanding this argument, the court denied Morgan and Young's motion for summary judgment on the ground that the photograph did not foreclose the possibility that there was *other* evidence of post-booking injuries. Specifically, the court noted that Plaintiff's deposition testimony created a genuine issue of material fact that Plaintiff was beaten after his booking by Morgan and Young.

At trial, Plaintiff sought to introduce photographs of Plaintiff that were allegedly taken *after* the alleged beating at the county jail. Morgan and Young objected on the ground that Plaintiff had not initially disclosed these specific photographs, had never mentioned these specific photographs, and did not refer to these specific photographs in the parties' pre-trial order. The court agreed. The court specifically ruled that Plaintiff's reference to "photographs" throughout the litigation and in his depositions was not sufficient to comply with the ongoing disclosure requirements of the Federal Rules of Civil Procedure, and that the only photograph that had ever been specifically disclosed was the booking photograph.

* * *

The only photograph that was an issue in this litigation prior to trial, aside from Plaintiff's casual reference to "photographs of Jack Lester Roberts made following arrest by Dempsey Law Office," was the booking photograph. Although one might argue that Plaintiff's initial disclosure was in technical compliance with the rules, the court does not condone Plaintiff's broad and all-encompassing "disclosures" in light of the surprise nature of the specific photographs actually proffered at trial.

Finally, . . . the court's Order Setting Case for Trial specifically states that "[c]ounsel . . . are also directed to . . . exchange information . . . offered in evidence at the trial." (dkt. 23). The order also directs the parties to stipulate, "to the extent possible," to the admissibility of each specific exhibit. *Id.* In the joint pre-trial order, Plaintiff simply listed "photographs of Plaintiff." Because the specific photographs in question had never before been brought to the defendants' attention, Plaintiff's reference in the joint pre-trial order can hardly be considered a sufficient stipulation as to the admissibility of those photographs.

Because the photographs at issue were not properly disclosed pursuant to Rule 26 and, without substantial justification, were not brought to defendants' attention until the midst of trial, we conclude that the district court's well-reasoned decision to exclude the evidence was not tantamount to an abuse of discretion. Plaintiff has demonstrated neither that he was prejudiced by the exclusion of these photographs nor that the failure to grant a new trial is inconsistent with substantial justice. *Tompkin*, 362 F.3d at 891.

III.

Plaintiff next argues that the district court erred in granting summary judgment in favor of defendants Anderson, Taylor, Cooper, and defendants McKenzie. We disagree.

This court conducts de novo review of a district court's decision granting summary judgment, drawing all reasonable inferences in favor of the nonmoving party. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). Summary judgment is appropriate when "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)). In order to prevail, the nonmovant must simply show sufficient evidence to create a genuine issue of material fact. *Id.* To survive a motion for summary judgment in a § 1983 action, a plaintiff "must demonstrate a genuine issue of material fact as to the following 'two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law.'" *Id.* (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

Plaintiff argues that the district court granted defendants' motions for summary judgment based upon a mistake of fact, i.e., that plaintiff had been convicted of or pleaded guilty to aggravated assault. The district court held that plaintiff's conviction for aggravated assault barred his excessive force claim against defendants Anderson and Taylor because a verdict in favor of plaintiff would contradict the validity of the underlying state court conviction. Plaintiff, however, contends that his affidavit clearly shows that he pleaded guilty to a Class B misdemeanor, "Obstruction of Law

- 10 -

Enforcement," TENN. CODE ANN. § 39-16-602, not assault. Plaintiff maintains that an excessive

force claim can be advanced even where the same facts are charged as a misdemeanor or where

excessive force continues after the arrest has occurred. *See Smith v. City of Hemet*, 394 F.3d 689

(9th Cir. 2005) (en banc) (holding that excessive force claim may be viable if such force occurred

after arrest was effectuated and the plaintiff subdued).

Plaintiff's argument is misleading in that he represents that his affidavit was before the

district court at the time it ruled on defendants' motion for summary judgment. In fact, plaintiff

never responded to defendants Anderson's and Taylor's motion for summary judgment, which was

filed on December 29, 2004. Thus, at the time the court ruled on the summary judgment motion on

March 10, 2005, the undisputed record (defendants' exhibit), in the form of a certified copy of the

judgment of conviction rendered in the state court proceeding, showed that plaintiff had entered a

guilty plea to the charge of aggravated assault stemming from the incident in question. Defendants

and the court had no reason to question the validity of the certified judgment provided by the clerk.

On March 17, 2005, seven days after the district court entered its summary judgment order,

plaintiff filed an amended judgment of conviction in the district court, which purportedly showed

that he actually pleaded guilty to a Class B misdemeanor offense, obstruction of law enforcement,

not aggravated assault. In requesting reconsideration of the summary judgment order, plaintiff's

counsel maintained that he was unaware that the district court would make an "unscheduled" early

ruling on the summary judgment motion, because the Rule 16(b) scheduling order established July 7,

2005, as the dispositive motion deadline. As the district court aptly noted, however, such an

argument was disingenuous because plaintiff's response to the motion was due January 28, 2005, and the scheduling order was not entered until March 2, 2005.

Thus, we agree with the district court that, to the extent there was an error or mistake in the record regarding the nature of plaintiff's conviction, this was attributable solely to plaintiff's counsel's failure to timely respond to defendants' motion for summary judgment.

In any event, with regard to the merits of the motion, the district court correctly held that the result would have been the same even if the court had been presented with the amended judgment because, under Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest; thus, a guilty plea and resultant conviction of such a charge necessarily includes a finding that the officer did not use excessive force. *See State v. Davis*, No. E2003-02214-CCA-R3-CD, 2004 WL 2583893, at *10 (Tenn. Crim. App. 2004) (unpublished); TENN. CODE ANN. §§ 39-16-602 and 39-11-611(e)(1)-(2). The district court therefore properly granted summary judgment in favor of defendants Anderson and Taylor.

Moreover, with regard to plaintiff's allegations that the officers arrested plaintiff without probable cause, because plaintiff admitted in his complaint that the officers were responding to an attempted suicide call, the district court properly concluded that defendants had probable cause to arrest plaintiff and that summary judgment was therefore appropriate. Probable cause in the context of mental health requires only a showing that there is a probability or substantial chance of dangerous behavior, not an actual showing of such behavior. *Monday v. Oullette*, 118 F.3d 1099, 1102 (6th Cir. 1997).

Because no constitutional violation by the individual defendants was established, the municipal defendants cannot be held liable under § 1983. *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001); *Crocker ex rel. Estate of Tarzwell v. County of Macomb,* 119 F. App'x 718, 724 (6th Cir. Jan. 4, 2005). "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (emphasis omitted).

We therefore affirm the orders of the district court granting summary judgment in favor of defendants, denying plaintiff's motion for a new trial, and entering a final judgment dismissing all claims in this matter.